## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FREDDY PONCE,<br><br>Defendant. | Case No. 1:15-cr-000109-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant Freddy Ponce's Motion for Early Termination of Supervised Release (Dkt. 46). The government opposes the motion. The probation officer has indicated that while the defendant is very involved with his church and otherwise doing good things, he nevertheless cannot support the motion given the probation office's general policy on early termination. For the reasons explained below, the Court will deny the motion.

### BACKGROUND

In November 2015, this Court sentenced Mr. Ponce to 60 months of incarceration to be followed four years of supervised release. On August 30, 2018, Mr. Ponce was released from prison and placed on supervised release. Thus, as of this writing, Mr. Ponce has completed just a little over half of his four-year term of

supervision. He says early termination is justified because he has been successful in integrating back into society. Among other things: he has a job; he has married and his supporting his wife and three children; and he is very active in his church. Mr. Ponce reports that supervision is not difficult – he is a law-abiding citizen – but he nevertheless wishes to free himself from the "stigma and bureaucratic complexities that supervised release entails." *Motion,* Dkt. 46, at 9. More specifically, he says would like to move his family out of his parent's basement and freely travel with his church. *Id.*

## ANALYSIS

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after Defendant has served one year of their supervised release. *Id.* In deciding whether to terminate supervision, the courts must review a number of sentencing factors which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) deterrence;
(3) protection of the public;
(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
(5) the sentence and sentencing range established for the category of defendant;
(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among
defendants with similar records who have been found guilty
of similar conduct; and
(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6),

and (a)(7); *United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at

\*2 (D. Idaho Mar. 7, 2011) (*citing United States v. Smith*, 219 Fed. Appx. 666, 667

n.3 (9th Cir. 2007)). However, in rendering its decision the Court shall simply

provide an explanation based on its consideration of such factors. *Emmett*, 749

F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

Additionally, the Court should respectfully consider the policy conclusions

and recommendations of the Judicial Conference regarding early termination of

supervision. *See generally Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010)

("While the policy conclusions of the Judicial Conference may not be binding on

the lower courts, they are at the very least entitled to respectful consideration")

(internal quotation marks and citation omitted).

Having considered the above factors, as well as the policy recommendations

of the Judicial Conference, the Court is not inclined to grant this motion. To be

sure, Mr. Ponce is performing well on supervision, and he is to be commended for

that. Still, though, this is what is expected of defendants on supervision. The

probation officers are there to help defendants do precisely what Mr. Ponce has

done: put their lives back on track and become contributing members of society. This Court has repeatedly concluded that performing well – even exceedingly well – on supervision is not enough to justify early termination. The Court does not find that this case is an exception in that regard and will therefore deny the pending motion.

## ORDER

**IT IS ORDERED that** Defendant Freddy Ponce's Motion for Early Termination of Supervised Release (Dkt. 46) is **DENIED.**

DATED: January 4, 2021

B. Lynn Winmill
U.S. District Court Judge